IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02985-PAB

IN THE MATTER OF THE ESTATE OF:

A.J.A.,

  Protected Person.
_____

**ORDER DENYING MOTION TO REMAND**
_____

  This matter is before the Court on plaintiff's motion to remand [Docket No. 4]. On September 25, 2009, plaintiff filed this case the District Court for El Paso County, Colorado, seeking among other things a declaration that "ERISA does not preempt Colorado law in instances where a PPO Plan makes a claim against property belonging to a minor." Notice of Removal [Docket No. 1], ex. 1 (Pet. & Compl. for Declaratory J. to Determine Claim of Red Robin International PPO Group Health Plan). Defendant was served with the complaint on December 7, 2009. On December 22, 2009, defendant removed the case asserting this Court's federal-question jurisdiction under 28 U.S.C. § 1331. On January 20, 2010, plaintiff filed a motion to remand raising various theories under which defendant's removal was supposedly improper.

  Generally speaking, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule, . . . a suit

'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, (1908)) (internal quotation marks and alteration marks omitted).

Plaintiff's complaint, on its face, implicates federal law. Part of plaintiff's requested relief is a declaration interpreting a federal statute, namely, the Employee Retirement Income Security Act ("ERISA") and its preemptive force. Interpretation of a federal statute presents a federal question. *See Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1557 (10th Cir. 1997). Indeed, even where "the applicability of the federal statute upon which a plaintiff relies is genuinely at issue, the federal courts possess jurisdiction and should reach the merits of the claim." *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)).

Plaintiff's first claim for declaratory relief – that "ERISA does not preempt Colorado law in instances where a PPO Plan makes a claim against property belonging to a minor" – arises under federal law and, therefore, implicates the Court's federal question jurisdiction. Therefore, the Court has jurisdiction over this claim and defendant was entitled to remove it from state court.. *See Gallagher's NYC Steakhouse Franchising, Inc. v. 1020 15th Street, Inc.*, No. 08-cv-01639-PAB-BNB, 2009 WL 1796297, at *5 (D. Colo. June 23, 2009) ("[W]here the jurisdictional requirements are met, the defendant has the right to remove a case from state to federal court." (citing 28 U.S.C. § 1441(a) (2006); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999))).

Because the Court has federal-question jurisdiction under the well-pleaded complaint rule, plaintiff's arguments regarding the inapplicability of the complete preemption doctrine are not relevant.  Furthermore, to the extent that the other two forms of relief sought in plaintiff's complaint do not arise under federal law, plaintiff may challenge the Court's supplemental jurisdiction over them and seek independent remand of those claims.  *Cf. McCulley v. Mink*, No. 09-cv-00563-PAB-BNB, 2009 WL 4730467 (D. Colo. Dec. 9, 2009) (discussing supplemental jurisdiction in removed cases).

Based on the foregoing, it is

**ORDERED** plaintiff's motion to remand [Docket No. 4] is DENIED.

DATED August 16, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge